Michael LEVIS v. James H. EDMONDS. (No. 3401.) Court of Civil Appeals of Texas. Texarkana. May 19, 1927. Error from Harris County Court, Ray H. Scruggs, Judge. Wagner & Wagner, of Houston, for plaintiff in error. Vinson, Elkins, Sweeton & Weems, of Houston, for defendant in error.

HODGES, J. This case originated in the justice court. The defendant in error sued, and recovered a judgment against the plaintiff in error for $150. The case was tried in the court below without a jury. The sufficiency of the evidence to support the judgment is the principal question presented in this appeal. The testimony was conflicting, but there is enough to support the judgment rendered, and the judgment will be accordingly affirmed.

_____

2

P. H. LINDSEY, Appellant, v. N. C. LINDSEY, Appellee. (No. 2027.) Court of Civil Appeals of Texas. El Paso. April 28, 1927. Rehearing Denied May 26, 1927. Appeal from District Court, Dallas County; Claude M. McCallum, Judge. Jed C. Adams and Nash R. Adams, both of Dallas, for appellant. Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellee.

WALTHALL, J. This appeal presents a case in which appellant sued his wife, appellee, asking for judgment dissolving their marriage relation, and a partition of the property described. Appellee answered by general denial, and by way of cross-action prayed that the divorce be denied appellant and that she have a divorce granted her, and that she be confirmed in the title and possession of all of the real estate and all of the property described in appellant's petition, and appellant's interest in said property be canceled and annulled, and the title to said property be established in her in accordance with the terms of the deed as her separate estate and property. The case was tried without a jury, resulting in a decree for divorce for appellant, and denying the divorce prayed for by appellee on her cross-action. The trial court filed findings of fact and conclusions of law, which we need not state, concluding as a matter of law from the facts found that appellant had no interest, right, or title to the real estate described, and that the title to the property be confirmed in appellee, and so entered judgment. There are no statements of facts or briefs by either party found in the record. Appellant filed assignments of error in the trial court, complaining of one of the trial court's findings of fact, and the judgment rendered thereon, and has filed in this court a suggestion of fundamental error based thereon. We have concluded the record presents no fundamental error. The case is in all things affirmed.

_____

3

SECURITY STATE BANK, Appellant, v. Frank DAVIS et al., Appellees. (No. 7786.) Court of Civil Appeals of Texas. San Antonio. May 25, 1927. Appeal from Frio County Court; John L. Pranglin, Judge. S. T. Dowe, of Pearsall, for appellant. Magus Smith and Mason Maney, both of Pearsall, for appellee.

FLY, C. J. The transcript in this case was not indorsed as required by rule 98 for district and county courts, and fails to indicate that it was ever applied for by any one, or delivered to any one, although the rule cited requires that to be done. The bill of costs seems to be the most important part of the transcript, as it precedes everything else, and papers are copied into the transcript without any reference to their sequence, for instance, the motion for new trial precedes the charge of the court. Rule 85 requires that the proceedings be entered in the order of time in which they occurred. The rules should be followed in preparing transcripts. The motion for new trial is directly in violation of rule 68, in that it is: "First, because the verdict of the jury is contrary to the evidence; second, because the judgment of the court is contrary to the law." No briefs have been filed in the cause, and an inspection of the record fails to disclose any fundamental error. The suit is on a promissory note executed by Mack Malone and Frank Davis, and the first named claimed to have paid it off in full. The statement of facts is not in narrative form, but questions and answers are given. The court stenographer, however, certifies that the "above and foregoing 23 pages contain a full, true, and correct transcript in narrative form of all testimony admitted in evidence on the trial of the above entitled and numbered cause." The judgment is affirmed.